UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
In re:  AIR CRASH AT GEORGETOWN, GUYANA,   :   12-MD-2395 (ARR) (JMA)
ON JULY 30, 2011                                                  :
:
-------------------------------------------------------------------- X
:
RAJENDRA PERSAUD and PRAMPATIE PERSAUD,   :   12-CV-4891 (ARR) (JMA)
:
      Plaintiffs,   :
:
  -against-   :
:
CARIBBEAN AIRLINES LIMITED,   :
:
      Defendant.   :
:
-------------------------------------------------------------------- X
:
SHANTI PERSAUD; C.P., a minor, by and through her   :   13-CV-230 (ARR) (JMA)
mother and natural guardian Shanti Persaud; and C.P., a   :
minor, by and through her mother and natural guardian   :
Shanti Persaud,   :
:
      Plaintiffs,   :
  -against-   :
:
CARIBBEAN AIRLINES LIMITED,   :
:
      Defendant.   :
:
-------------------------------------------------------------------- :
:
ABDOOL LATIF; MAYLENE PERSAUD;   :   13-CV-4228 (ARR) (JMA)
and ERNEST SCOTT,   :
:
      Plaintiffs,   :   NOT FOR ELECTRONIC
:   OR PRINT PUBLICATION
  -against-   :
:   OPINION AND ORDER
CARIBBEAN AIRLINES LIMITED,   :
:
      Defendant.   :
-------------------------------------------------------------------- X

ROSS, United States District Judge:

In this multi-district litigation, numerous plaintiffs bring suit against defendant Caribbean Airlines Limited for personal injuries arising from the crash landing of Caribbean Airlines Flight BW 523 in the Republic of Guyana in 2011. Defendant brought a motion to dismiss in several of the cases, asserting that the Warsaw Convention governed those plaintiffs' claims and that the treaty's forum provision deprived the court of subject matter jurisdiction. See 12-MD-2395, Dkt. #16. On May 16, 2014, this court issued an Opinion and Order holding that the Warsaw Convention does not govern these claims because Guyana is not a party to the Convention. See Opinion & Order, 12-MD-2395, Dkt. #48. Accordingly, the court denied defendant's motion to dismiss and granted plaintiffs leave to amend their complaints.

The caption of the Opinion and Order stated that it applied to the plaintiffs' claims in 12-CV-4891 and 13-CV-230. Both plaintiffs in 12-CV-4891 have since settled their claims against defendant. See 12-CV-4891, Dkt. #23. The three plaintiffs' claims in 13-CV-230 remain active. Defendant has requested that the Opinion and Order be amended to apply as well to the three similarly situated plaintiffs in 13-CV-4228 whose claims remain active. At a conference before Magistrate Judge Joan M. Azrack on September 24, 2013, counsel for the remaining three plaintiffs in 13-CV-4228 consented to inclusion in the then-pending motion to dismiss for lack of subject matter jurisdiction. See 12-MD-2395, Dkt. #42. Those parties were inadvertently omitted from the caption in the May 16 Opinion and Order, and the Opinion and Order is hereby amended to apply to them.

On June 27, 2014, defendant requested that the court certify an interlocutory appeal from the Opinion and Order's ruling that the Warsaw Convention does not govern plaintiffs' claims. See 12-MD-2395, Dkt. #50. For the reasons set forth below, the request is denied.

**DISCUSSION**

The court assumes familiarity with its prior Opinion and Order and only restates the essential facts here. Plaintiffs were traveling from Florida to Georgetown, Guyana on July 30, 2011. While landing in Georgetown, Flight BW 523 overshot the runway, and plaintiffs sustained personal injuries. After plaintiffs brought suit, defendant moved to dismiss, asserting that the court lacked subject matter jurisdiction because the Warsaw Convention governed the claims.

The Warsaw Convention provides the exclusive cause of action for personal injuries arising from "international transportation" and preempts any corresponding state law causes of action. Whether Flight BW 523 qualifies as "international transportation" within the meaning of the Warsaw Convention depends on whether "the place of departure" and "the place of destination" are both situated within the territories of nations that are parties to the Convention. The United States, the place of departure, is a party to the Convention. Therefore, the applicability of the Warsaw Convention turns on the issue of whether Guyana, the place of destination, is also a party. In its Opinion and Order, this court ruled that Guyana is not a party to the Convention and therefore denied defendant's motion to dismiss for lack of subject matter jurisdiction. Opinion & Order 17-18. Defendant now seeks interlocutory review of this order.

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court of Appeals "may thereupon, in its discretion, permit an appeal to be taken from such order." Id.[1]

---

[1] Plaintiffs argue that defendant's request for an interlocutory appeal should be denied as untimely. See 12-MD-2395, Dkt. #51. Neither § 1292(b) nor the Federal Rules of Civil Procedure specify a deadline for a party to seek an

The Second Circuit has "repeatedly cautioned [that] use of this certification procedure should be strictly limited." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). "[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). Accordingly, district courts must "exercise great care in making a § 1292(b) certification." Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir. 1992). The court must determine whether all three of the statutory requirements are satisfied: (1) the order concerns a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. The party moving for interlocutory appeal "bears the burden of demonstrating that all three of the substantive criteria are met." Murray v. UBS Sec., LLC, No. 12 Civ. 5914(KPF), 2014 WL 1316472, at *2 (S.D.N.Y. Apr. 1, 2014) (citing Casey v. Long Island R.R. Co., 406 F.3d 142, 146 (2d Cir. 2005)). Even where all three criteria are satisfied, "district courts have unfettered discretion to deny certification if other factors counsel against it." Transp. Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth., 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005) (internal quotation marks omitted).

In this case, the first and third prongs are satisfied, because the court's ruling on whether Guyana is a party to the Warsaw Convention determined whether the court had subject matter jurisdiction over plaintiffs' claims. "[A] question of law is 'controlling' if reversal of the district

---

interlocutory appeal, but "courts have held that any delay in seeking amendment and certification must be reasonable." Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (internal quotation marks omitted). In this case, the court's Opinion and Order was dated May 16, 2014, but was not docketed on the court's Electronic Case Filing system until May 21, 2014. Defendant filed its request for an interlocutory appeal on June 27, 2014, just over a month later. The court declines to find this delay unreasonable and will address defendant's request on the merits.

court's order would terminate the action." Klinghoffer, 921 F.2d at 24. The question of law "need not affect a wide range of pending cases" as long as it is controlling in the instant litigation. Id. Here, an order reaching the opposite result from this court's Opinion and Order, holding that Guyana is a party to the Warsaw Convention and that the Convention governs plaintiffs' claims, would deprive the court of subject matter jurisdiction and dispose of plaintiffs' claims. Therefore, the issue is clearly controlling, and an immediate appeal could materially advance the litigation.

However, the stringent standards for the second prong are not satisfied in this case, because defendant has not demonstrated that there is substantial ground for a difference of opinion. Courts have suggested that the second prong may be satisfied where "the issues are difficult and of first impression," id., 921 F.3d at 25, or where the party seeking interlocutory review can point to "a substantial split in Second Circuit district court rulings on this issue," Salim Oleochemicals, Inc. v. M/V SHROPSHIRE, 177 F. Supp. 2d 159, 162 (S.D.N.Y. 2001). However, the Second Circuit has cautioned that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d at 284. Certification for interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." German by German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). Rather, the district judge must "analyze the strength of the arguments in opposition to the challenged ruling" in order to determine "whether the issue for appeal is truly one on which there is a substantial ground for dispute." In re Flor, 79 F.3d at 284 (internal quotation marks omitted). In order for a court to find a substantial ground for dispute, "there must be substantial doubt that the district

court's order was correct." SPL Shipping Ltd v. Gujarat Cheminex Ltd., No. 06-CV-15375 (KMK), 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (internal quotation marks omitted).

Here, as the court recognized in the Opinion and Order, the question of whether Guyana is a party to the Warsaw Convention is an issue of first impression. Opinion & Order 4. As the court explained, "[t]he uncertainty of Guyana's status arises from the . . . historical context." Id. at 5. The United Kingdom signed the Warsaw Convention in 1929 and subsequently extended the Convention to its colonies, including British Guiana. Id. at 5-6. British Guiana gained independence in 1966, and the country became the Republic of Guyana in 1970. Id. at 6. Since there is no clear customary international law regarding treaty succession when a nation gains independence, the court considered the positions of both the United States and Guyanese governments to determine whether Guyana remained a party to the Warsaw Convention after assuming its independence from the United Kingdom. Id. at 8.

Regarding the position of the United States government, the court looked to the U.S. State Department's Treaties in Force publication. In 1969, three years after Guyana's independence, Treaties in Force included Guyana as a party to the Warsaw Convention. Id. at 10. By at least 1997, Treaties in Force omitted Guyana from the list of parties and included a footnote stating, "The status of certain states to which the convention was applicable prior to their becoming independent is not determined." Id. at 10-11. Beginning in 2002, Treaties in Force omitted that footnote while continuing to leave Guyana off the list of parties to the Warsaw Convention. Id. at 11. The court found that this series of revisions "lends substantial support to a conclusion" that the United States no longer considers Guyana's status undetermined and instead considers Guyana not to be a party to the Warsaw Convention. Id. In further support of this conclusion, Treaties in Force clearly states that the depositary is the

6

"authoritative source" for the current list of parties to a multilateral treaty. Id. at 9. The court noted that Poland is the depositary for the Warsaw Convention, and "Guyana is notably missing from the list of parties to the treaty maintained by the Polish government." Id.

Meanwhile, the court found that the conduct of the Guyanese government "supports conflicting inferences as to that government's position on whether Guyana is a party to the Warsaw Convention." Id. at 12. Significantly, Guyana has never formally acceded to the Warsaw Convention while it has formally acceded to other aviation treaties, which "creates a strong inference that the Guyanese government does not consider Guyana to be a party to the Convention." Id. at 12-13. The court found that other evidence cited by defendant did not provide a clear indication that the Guyanese government considers Guyana to be a party to the Warsaw Convention. Id. at 14-17. Based on all of these considerations, the court concluded that "[i]n light of the U.S. government's clear position, and the Guyanese government's ambiguous one, it is more likely than not that Guyana is not a party to the Warsaw Convention." Id. at 18.

While this may be a disputed issue with reasonable arguments on both sides and no controlling Second Circuit precedent, defendant has not shown that there is a split of authorities on the issue. First, defendant argues that the Eleventh Circuit "reached a different conclusion on similar facts, albeit involving a different country," in Blake v. American Airlines, 245 F.3d 1213 (11th Cir. 2001). However, the Opinion and Order made clear that Blake did not merely address the treaty status of a different country, but rather is distinguishable on its facts. Opinion & Order 18-20. In Blake, the Eleventh Circuit held that Jamaica remained a party to the Warsaw Convention after Jamaica gained independence from the United Kingdom. In reaching this result, the Eleventh Circuit relied on an earlier edition of Treaties in Force that included the footnote stating that "the status of certain states to which the convention was applicable prior to their

7

becoming independent is not determined." Blake, 245 F.3d at 1216. As already discussed, more recent editions of Treaties in Force have removed this footnote, giving rise to a different inference regarding the United States government's position. In addition, the Eleventh Circuit in Blake cited Jamaica's "affirmative conduct in respect to the Convention," including Jamaica's "active role in negotiations to amend the Warsaw Convention," id. at 1216-17, while Guyana has not undertaken any such affirmative conduct. Since Blake relied on a materially different edition of Treaties in Force and materially different evidence regarding the conduct of Jamaica's government, it does not conflict with the court's ruling in this case.

Defendant also argues that the court's ruling in this case conflicts with a Third Circuit presumption that "when a colonized state earns its independence from a colonial nation, prior treaties recognized by the former colonial power will devolve to the successor in interest nation." Saroop v. Garcia, 109 F.3d 165, 172 (3d Cir. 1997). But as the court found in its Opinion and Order, the Second Circuit has not adopted this presumption, and, in any event, any such presumption would be outweighed here by the substantial evidence that the United States does not consider Guyana to be a party to the Warsaw Convention. Opinion & Order 20-21.

Finally, defendant argues that both the British and Canadian governments consider Guyana to be a party to the Warsaw Convention. To be sure, as defendant argues, "[t]he opinions of our sister signatories . . . are entitled to considerable weight" when construing a treaty. El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 176 (1999) (internal quotation marks omitted). This case does not involve an issue of treaty interpretation, however, but rather an issue of determining whether a nation is a party to a treaty. The Second Circuit looks to the conduct of the governments at issue to determine whether a treaty remains in force between two countries. See N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc., 954 F.2d 847, 852-53 (2d Cir. 1992)

(examining the conduct of the United States and Taiwanese governments to determine whether a treaty remained in force between the United States and Taiwan). In this case, the positions of the United States and Guyanese governments are dispositive. As the court held in its Opinion and Order, the positions of the British and Canadian governments do not outweigh the position of the United States government that Guyana is not a party to the Convention. Opinion & Order 20.

In sum, all of the arguments that defendant raises have already been considered and rejected by this court in its Opinion and Order denying the motion to dismiss. Defendant has not raised any new arguments that are sufficient to demonstrate a substantial ground for dispute or to cast substantial doubt on whether this court's prior ruling was correct. See City of N.Y. v. Milhelm Attea & Bros., Inc., No. 06-CV-03620 (CBA)(VMS), 2012 WL 4959502, at *4 (E.D.N.Y. Oct. 17, 2012) (denying certification for interlocutory appeal where the court had "already considered and rejected those arguments as unpersuasive"); In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig., 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("A party that offers only arguments rejected on the initial motion does not meet the second requirement of § 1292(b).") (internal quotation marks and alteration omitted); Ralph Oldsmobile Inc. v. G.M. Corp., No. 99 Civ. 4567(AGS), 2001 WL 55729, at *4 (S.D.N.Y. Jan. 23, 2001) (party did not establish substantial ground for difference of opinion where it "offer[ed] only cases that the Court has already deemed distinguishable and unpersuasive").

Finally, defendant raises several reasons why, on policy grounds, this court should afford the Second Circuit an opportunity to address the issue raised here. Defendant argues that the multi-district nature of this litigation counsels in favor of certifying an interlocutory appeal to resolve the applicability of the Warsaw Convention now, while all of the cases are consolidated in this Circuit. Otherwise, the cases will be remanded to the transferor circuits for trial, which

could lead to appeals of the same issue in both the Second and Eleventh Circuits and possibly inconsistent outcomes. But the court agrees with plaintiff that this possibility is inherent in the nature of multi-district litigation; there is always the chance that the transferor circuits will reach inconsistent appellate rulings after the cases are remanded, and that alone cannot justify certifying an issue for interlocutory appeal. Moreover, defendant has provided no reason to conclude that the Eleventh Circuit would reach a different outcome on this issue, since, for the reasons already discussed, Blake is distinguishable. Defendant also argues that the court's ruling undermines the Warsaw Convention's goal of creating uniform liability rules for air carriers and will encourage forum shopping. But this argument relates to how the Warsaw Convention should be interpreted, not to the question of whether a country is a party to the treaty.

Therefore, defendant has not met its burden of demonstrating that this case presents the "exceptional circumstances" that justify interlocutory review. Defendant has not satisfied the second statutory requirement, because none of the arguments that defendant raises establish a substantial ground for difference of opinion. Rather than pointing to any conflicting authority either within this circuit or between circuits, defendant raises the same arguments that this court has already found unpersuasive and relies on cases that are distinguishable. Defendant's motion to dismiss raised an important issue of first impression, but defendant has not provided any reason for the court to depart from the usual practice of awaiting the entry of a final judgment before affording the opportunity for appellate review.

## CONCLUSION

For the foregoing reasons, the court's May 16 Opinion and Order denying defendant's motion to dismiss for lack of subject matter jurisdiction is amended to apply to plaintiffs Abdool Latif, Maylene Persaud, and Ernest Scott in 13-CV-4228, and defendant's request for the court to certify an interlocutory appeal of the order is denied.

SO ORDERED.

                                                    __/s/_____
                                                    Allyne R. Ross
                                                  United States District Judge

Dated:      August 13, 2014
              Brooklyn, New York